## Nevius, Executor, v. School District of Chambersburg Borough

*John McD. Sharpe*, for plaintiff.
*Rudolph M. Wertime*, for defendant.

WINGERD, P. J., August 27, 1954.—This matter comes before the court on preliminary objections to a complaint in an action to quiet title.

The School District of the Borough of Chambersburg, under the authority granted by the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §2015.1 et seq., levied a tax for the school year 1951-52, beginning July 2, 1951, in addition to any other school tax for that year, of $1 on every $100 or fraction thereof of the value of real estate conveyed. This was done

by a resolution known as "Tax on Deeds Resolution of 1951". In this resolution it was provided in section 3 thereof that:

"After the effective date of this Resolution, on every deed, (unless deposited in escrow before July 2, 1951), whereby any lands, tenements, or hereditaments, or other realty sold, or any interest therein, shall be granted, bargained, sold, transferred, conveyed or otherwise vested in the purchaser . . . situated wholly or in part within the boundaries of the School District of the Borough of Chambersburg, Franklin County, Pennsylvania, delivered on or subsequent to July 2, 1951, in pursuance of any contract of sale or purchase entered into subsequent to June 15, 1951, a tax for general school purposes is hereby imposed, assessed and levied on each deed at the rate of One and 00/100 ($1.00) Dollar on every One Hundred ($100.00) Dollars or fraction thereof of the value of the real estate, . . .".

A similar resolution was passed known as "Tax on Deeds Resolution of 1952" levying tax for the school year 1952-53, beginning July 7, 1952, which levied the tax on all deeds conveying real estate in the school district "delivered on or subsequent to July 7, 1952, in pursuance of any contract of sale or purchase entered into subsequent to June 15, 1952, a tax for general school purposes, . . . at the rate of one (1) per centum of the value of the real estate . . . conveyed or transferred by the said deed, . . .".

On April 21, 1952, a contract of sale was entered into by the vendor, Richard E. Nevius, executor, for the sale of certain real estate located in the Borough of Chambersburg for the sum of $18,000, which provided that the vendor agreed to pay the transfer tax imposed by the school district. The deed was delivered on July 8, 1952, and recorded on that date. The vendor did not pay the transfer tax to the school district and

the vendees demanded the payment of such tax for if it is payable, it is a lien on the real estate conveyed. The vendor claims no tax is payable and brought the present proceedings to obtain an adjudication by this court of whether or not such tax is a lien on the real estate involved.

The vendor contends that no tax is due because the Resolution of 1951 expired on July 7, 1952, the beginning of the next school year and, therefore, does not apply to a deed delivered on July 8, 1952, and neither is the deed subject to tax under the Resolution of 1952 because it only applied to deeds delivered after July 7, 1952, when the conveyance made thereby was pursuant to a contract entered into subsequent to June 15, 1952, and the contract fulfilled by the deed in question was executed on April 21, 1952.

It will be noted that whether or not a transfer was subject to the tax of 1951 at $1 per $100 or fraction thereof, or of 1952, one percent of the value of the real estate, depends on two elements, the date of delivery of the deed and the date of the contract for the sale of the property conveyed by the deed. The Resolution of 1951 imposed the tax on all deeds delivered subsequent to July 2, 1951, conveying real estate pursuant to contracts of sale executed after June 15, 1951. The Resolution of 1952 imposed taxes on deeds delivered after July 7, 1952, pursuant to contracts of sale executed after June 15, 1952. The second resolution did not repeal the first resolution and is not inconsistent with it. Each levied a tax for the school year and the subject of each tax was the transfer of real estate, the taxability of which for a particular school year depended on when the contract for the sale was made and when the deed was delivered, neither of which dates was conclusive but both had to be considered to determine in which year the transfer was taxable. In fact, the basis for the taxability of the transfer was the

date of the execution of the contract and as soon as a contract for the sale of real estate was entered into the year for which the tax was payable on delivery of the deed pursuant to such contract was fixed and determined, so there could be no question in regard to this matter. The Resolution of 1951 definitely stated deeds "delivered on or subsequent to July 2, 1951" without any limitations except that the original contract for the conveyance was executed subsequent to June 15, 1951, and the Resolution of 1952 imposed the tax on deeds "delivered on or subsequent to July 7, 1952" with no limitations except the original contract was entered into subsequent to June 15, 1952. Under these provisions there could be no conflict and no question as to the taxability of a deed and the year for which it should be taxed. Even though a contract was made and deed delivered between June 15, 1952, and July 7, 1952, it is clear that that deed was taxable for the year 1951 because, although the contract was made after June 15, 1952, it was also made after June 15, 1951, and deed was delivered subsequent to July 2, 1951. If it had been delivered subsequent to July 7, 1952, it would have been taxable for the year 1952, not alone because it was delivered in that year, but because such delivery was pursuant to a contract made after June 15, 1952. In the same manner, when the instant deed was delivered on July 8, 1952, it was taxable for the year 1951 because it was delivered pursuant to a contract executed subsequent to June 15, 1951, and delivered subsequent to July 2, 1951. To contend that the Resolution of 1951 expired and lost all of its force and effect on July 7, 1952, and was wholly ineffective as to all the deeds delivered after July 7, 1952, if they were not taxable under the Resolution of 1952, because the contract to convey had not been executed subsequent to June 15, 1952, is a conclusion directly contrary to the express wording of the

resolutions and inconsistent with the intent and purpose of the tax imposed by them. We realize fully the rule of law that enactments imposing taxes must be interpreted most strongly against the taxing authority and in favor of those taxed. This rule is not applicable where the wording of the enactment is clear and by following such clear wording no inequality among or undue hardship to taxpayers results. To use the wording of the resolution in question is clear and no inequality or hardship is occasioned by its enforcement.

We cannot see the force of the vendor's argument that because the deed in the instant case was delivered during the tax year of 1952 and was not taxable under the Resolution of 1952, that if a tax was imposed upon it by the Resolution of 1951, it would be extending that tax to a succeeding year and make the tax imposed by the Resolution of 1951 carry over to the next tax year which the Supreme Court stated could not be done in Allentown School District Mercantile Tax Case, 370 Pa. 161, for the simple reason that nothing like this occurred in the instant case when tax for the year 1951 is collected on the transfer of the real estate in question. The transfer in the instant case really became subject to the tax levy of 1951 when the contract of April 21, 1952, was entered into for only those deeds delivered after July 7, 1952, were taxable if the contract for the conveyance made by the deed had been entered into after June 15, 1952. The school district very clearly stipulated what conveyances were taxable under the Resolution of 1951 and what were taxable under the Resolution of 1952 and imposed a different rate of tax on each. The Resolution of 1951 did not reach over and tax matters in the school year covered by the Resolution of 1952 but merely taxed for the school year of 1951-1952 those transactions which were taxable under its provisions,

although a part of the transaction was not completed until a time within the school year of 1952. Of course, the tax collected from the vendor in the instant case must be on the basis of the rate levied by the Resolution of 1951.

The question before us involves no questions of fact but is wholly a question of law and has so been considered by all parties, therefore, the court feels it should make a final order. As the court finds that the tax was payable by the vendor upon delivery of the deed, the demurrer must be sustained and the proceedings to quiet title dismissed.

Now, August 27, 1954, the preliminary objections constituting a demurrer are sustained and the proceedings to quiet title are dismissed.